UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERIC ADONIS MATUTE GARCIA,

Petitioner,

v.

CHRISTOPHER J. LaROSE, Senior
Warden Otay Mesa Detention Center;
TODD BLANCHE, Acting United States
Attorney General; MARKWAYNE
MULLIN, Secretary of the Department of
Homeland Security; PATRICK DIVVER,
ICE San Diego Field Office Director, in
their official capacities,

Respondents.

Case No.:  26cv4075-GPC(SBC)

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

On July 15, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to be released from his unlawful detention at the Otay Mesa Detention Facility. (Dkt. No. 1, Pet.)  Respondents filed a response on July 23, 2026. (Dkt. No. 4.)  Petitioner also filed a traverse on the same day. (Dkt. No. 5.)  A hearing was held on July 31, 2026. (Dkt. No. 7.)  Based on the reasoning below, the Court GRANTS the petition for writ of habeas corpus.

1

## Background

Petitioner Eric Adonis Matute Garcia, a native and citizen of Honduras, entered the United States without inspection around 2013 by crossing at the border to flee crime and violence in Honduras. (Dkt. No. 1, Pet. ¶¶ 9, 25, 26.) His wife and two children, ages 7 and 5 are United States citizens. (*Id.* ¶ 25.) He has been regularly employed in landscaping and has no criminal record. (*Id.*) His wife started the process of legalizing his immigration status by filing a Form I-130, Petition for Alien Relative which is pending. (*Id.* ¶ 26.)

Petitioner lives in Homestead, Florida and on June 30, 2026, he was driving to work as a passenger in a motor vehicle when ICE agents stopped the vehicle for no reason and detained him. (*Id.* ¶ 27.) The ICE agents did not present an arrest warrant to justify the detention and then sent him across the country to the Otay Mesa Detention Center. (*Id.*) On July 10, 2026, he was issued an administrative warrant that there is probable cause that he is removable from the United States. (Dkt. No. 4-1, Ex. 1.)

The Department of Homeland Security started a removal case against him by issuing him a notice to appear at the Otay Mesa Immigration Court which is currently pending. (Dkt. No. 1, Pet. ¶ 28.) He alleges a violation of the Immigration and Nationality Act, and a violation of the due process clause of the Fifth Amendment. (*Id.* ¶¶ 30-36.) He seeks to be released from detention or in the alternative, direct Respondents to schedule a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at p. 9.)

## Discussion

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466, 473 (2004). As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . .the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023). A prisoner bears the

burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

In response to the order to show cause, Respondents claim that even though their position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), they acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), which the Ninth Circuit later stayed its application beyond the Central District of California. (Dkt. No. 4.)  Nonetheless, Respondents acknowledge courts in this district have been directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases.  As such, Respondents do not oppose an order directing a bond hearing be held under 8 U.S.C. § 1226(a).  Even though Respondents agree that Petitioner, a noncitizen who was present in the United States without admission, is subject to discretionary detention under 8 U.S.C. § 1226(a) based on yesterday's Ninth Circuit ruling on *Rodriguez Vazquez v. Bostock*, No. 25-6848 (9th Cir. Filed July 30, 2026), the question is whether Respondents complied with § 1226(a) when they detained Petitioner.

Section 1226(a) authorizes detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a).  However, immigration officers may arrest a noncitizen without a warrant.  8 U.S.C. § 1357(a)(2).  A warrant is not required when an immigration officer apprehends a noncitizen individual while the individual is entering, attempting to enter, or is present in the United States in violation of the immigration laws. *See* 8 U.S.C. § 1357(a)(2).  If an arrest is made without a warrant, an immigration officer must within 48 hours of the arrest, determine "whether the individual will be continued in custody or released on bond or recognizance" and "whether a notice to appear and warrant of arrest . . . will be issued."  8 C.F.R. § 287.3(d).   To be clear, 8 C.F.R. § 287.3(d) provides the government with 48 hours to issue a warrant if it determines that the noncitizen will remain in custody.

Here, the administrative warrant dated July 6, 2026 was issued six days after he was detained, and at the hearing, Respondents admitted that they did not meet their obligation

26cv4075-GPC(SBC)

under 8 U.S.C. § 1226(a) and 8 C.F.R. § 287.3(d) by serving a warrant that was timely.[1]  A *post hoc* warrant after forty-eight hours does not comply with 8 U.S.C. 1226(a) and cannot support Petitioner's detention.  *See Quezada-Estrada v. Lyons,* Case No. 26-cv-01599-NYW, 2026 WL 1361880, at *5 (D. Colo. May 16, 2026) ("This Court therefore concurs with the other district courts to conclude that a post hoc warrant does not permit detention that arose from an unlawful warrantless arrest.") (citing *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739-40 (D. Minn. 2026) (ordering release where petitioner was arrested and detained without a warrant, and respondents did not obtain a warrant until after 48-hour period had elapsed); *Ramirez Ovando v. Noem,* 810 F. Supp. 3d 1209, 1226 (D. Colo. 2025) (holding that post hoc warrants "had no legal effect" and could not "fix[ ]" warrantless arrests that were not supported by a probable cause determination under § 1357(a)(2)); *J.A.C.P. v. Wofford,* No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) ("the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis.").  As such, Petitioner is entitled to be released when he is subject to an "unlawful executive detention."  *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("typical remedy for [unlawful executive detention] is, of course, release"); *see also Quezada-Estrada*, 2026 WL 1361880, at *6; *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 183 (D. Me. Jan. 30, 2026) (releasing Petitioner from custody because government failed to serve an arrest warrant or determine that release was appropriate).

Accordingly, IT IS HEREBY ORDERED that

---

[1] To the extent that Respondents claim they detained Petitioner because it is their position he was subject to detention under § 1225(b)(2), the fact that a warrant was issued, though six days late, indicates that they also accepted that Petitioner was subject to detention under § 1226(a).  Further, Respondents have been aware and acknowledged in many cases in this district that district courts have consistently held that petitioners, such as Mr. Matute Garcia, is subject to discretionary detention under § 1226(a) well before Petitioner was detained on June 30, 2026.  Therefore, their assertion that Petitioner was detained under § 1225(b)(2) is not well taken.

26cv4075-GPC(SBC)

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** and Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody.

2. Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with 8 U.S.C. § 1226(a).

3. The Clerk of Court SHALL enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated:  July 31, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26cv4075-GPC(SBC)